IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ANITA ISBELL-GRAHAM, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ) <br> FLINT HILLS COMMUNITY ) <br> HEALTH CENTER, INC., ) <br> ) <br> Serve at: 420 West 15th Ave. ) <br>     Emporia, Kansas 66801 ) <br> ) <br> Defendant. ) | Case No. 2:21-cv-2087 <br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT FOR DAMAGES**

COMES NOW, Plaintiff Anita Isbell-Graham, by and through the undersigned counsel, and states and alleges as follows for her Complaint for Damages against Defendant Flint Hills Community Center, Inc. ("Defendant"):

**PARTIES**

1.      Plaintiff is and was at all times relevant to the allegations contained herein a citizen and resident of Kansas and was employed as a nurse practitioner with Defendant.

2.      Defendant Flint Hills Community Center, Inc. is and was at all times relevant to the allegations contained herein, a Kansas not-for-profit corporation that provides various medical services to indigent and/or underserved populations at its clinics in Emporia and Eureka, Kansas.

**JURISDICTION AND VENUE**

3.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 as the matter involves a question of federal law under the Americans with Disabilities Act ("ADA")

1

and The Americans with Disabilities Act Amendments Act of 2008 ("ADAAA"), 42 U.S.C. §12101 *et seq*.

4. Upon information and belief, at relevant times, Defendant was person engaged in an industry affecting commerce who had 15 or more employees and is an "employer" as defined in 42 U.S.C. § 12111.

5. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

6. Jurisdiction is proper over Defendant Flint Hills Community Center, Inc. as it is a Kansas not-for-profit entity with its principal locations in the State of Kansas and it provides services in the State of Kansas. The alleged tortious acts, omissions and occurrences giving rise to the claims alleged herein were committed by Defendant in the State of Kansas.

7. Venue is proper in this Court as the alleged tortious acts, omissions and occurrences giving rise to the claims alleged herein occurred in Lyon County, Kansas.

## CONDITION PRECEDENT

8. Plaintiff filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about July 10, 2020 to which charge number 563-2020-02409 was assigned. *A true and accurate copy of the charge (with date of birth redacted) is attached hereto as Exhibit A and incorporated herein by reference.*

9. Plaintiff thereafter received her Notice of Right to Sue issued by the EEOC dated January 11, 2021, permitting her to assert the federal disability discrimination claim alleged herein. *A true and accurate copy of the Notice is attached hereto as Exhibit B and incorporated herein by reference*.

10. This action is timely filed with the Court and Plaintiff has met all conditions precedent to the filing of this action.

## FACTUAL ALLEGATIONS

11. Plaintiff began her employment with Defendant on June 3, 2019, pursuant to the terms of an Employment Agreement between the parties.

12. Plaintiff was hired as a nurse practitioner with Defendant and was to provide professional medical services for the Health Center and its patients.

13. Per the terms of the Agreement, Plaintiff was to be employed for a period of 2 (two) years.

14. Per the terms of the Agreement, Plaintiff was to be paid $90,000 per year and was entitled to receive benefits including health benefits and retirement benefits.

15. By serving as a nurse practitioner for a not-for-profit entity, Plaintiff was eligible to apply for forgiveness of her student loan debt.

16. Per the terms of the Agreement, it could be terminated for cause or without cause, provided 90 days' written notice of the intent to terminate was given.

17. In March of 2020, while Plaintiff was at work in her capacity as a nurse practitioner, she contracted COVID-19.

18. Plaintiff fell ill and missed work on March 30, 2020. She had been tested for COVID-19 during this same time frame through Defendant's testing policy and protocol.

19. On or about March 31, 2020, Plaintiff received a call from her supervisor CEO Renee Hively informing Plaintiff that she had tested positive for COVID-19 and was required to isolate.

20. Melanie Byram, M.D. documented Plaintiff's positive COVID-19 result and documented that Plaintiff had been infected at work.

21. Plaintiff remained off work and received medical treatment following her COVID-19 positive diagnosis.

22. Plaintiff experienced serious complications in the form of respiratory issues and cardiac issues as a result of the COVID-19 illness.

23. Plaintiff informed Defendant of the respiratory and cardiac complications she was experiencing and kept Defendant apprised of her treatment course and health status.

24. Plaintiff again tested positive for COVID-19 in April and again in May of 2020.

25. Plaintiff was informed by Dr. Byram, who initially noted Plaintiff's positive COVID-19 results and that Plaintiff's exposure had occurred in the work place, that COO Amanda Dreasher would not permit Plaintiff to return to work, on a part-time basis, if needed, following Plaintiff's recovery.

26. COO Amanda Dreasher made it clear that Plaintiff would be required to return on a full-time basis and that there would be no consideration of accommodations as it related to Plaintiff's return to work or work schedule.

27. Plaintiff inquired as to the benefits available to her under the CARES Act and FMLA as Plaintiff would become eligible for FMLA benefits on or about June 3, 2020, which was approximately two weeks away from the time of inquiry.

28. Defendant failed to provide Plaintiff with any information as to the possible benefits under the CARES Act or FMLA.

29. Defendant did however provide Plaintiff with Short-Term Disability Paperwork and workers' compensation paperwork.

30. Plaintiff submitted her Short-Term Disability paperwork to Defendant on or about April 28, 2020 and informed Human Resources Manager Carolyn Zapata that the doctor was requiring Plaintiff to remain off work until at least May 15, 2020.

31. Plaintiff further informed Carolyn Zapata that her return to work was also dependent on testing results regarding Plaintiff's cardiac and respiratory capacities which Plaintiff was scheduled to undergo at KU.

32. Plaintiff expressed to Carolyn Zapata that she had concern regarding the long-term effects that would result from her COVID-19 illness.

33. Plaintiff was terminated by Defendant on May 15, 2020, for cause, "due to failure to substantially comply with your performance improvement plans."

34. Plaintiff had in fact completed the goals set forth in her performance improvement plan and had received positive feedback regarding the same, prior to her leave of absence arising from her COVID-19 illness.

35. Upon information and belief, Plaintiff was discriminated against, including being terminated from her employment because of her disability status and/or her perceived disability.

36. Upon information and belief, Defendant refused to engage in the interactive process or provide reasonable accommodations as it relates to her disability/perceived disability.

37. Upon information and belief, Plaintiff was discharged by Defendant in retaliation for exercising the rights to which she was entitled under the Kansas' workers' compensation laws.

38. Upon information and belief, Plaintiff's termination was unjustified and in violation of the terms of her Employment Agreement.

39. As a result of Defendant's discriminatory conduct, acts and omissions, Plaintiff has suffered and will continue to suffer emotional distress and lost wages.

40. The conduct set forth herein constitutes violations of the ADA/ADAAA and Kansas law.

41. At all times mentioned herein, the above-referenced individuals and/or employees, were agents, employees and servants of Defendant and were at all such times acting within the course and scope of their employment, and/or their actions were expressly authorized or ratified by Defendant, making Defendant liable under the doctrine of *respondeat superior*.

## COUNT I
## ADA – DISABILITY DISCRIMINATION/PERCEIVED DISABILITY DISCRIMINATION

42. Plaintiff incorporates herein by reference, the allegations contained in the preceding paragraphs as though fully set forth herein.

43. The ADA/ADAAA prohibits discrimination against a person who has or is regarded as having a physical impairment, that substantially limits one or more of his or her major life activities.

44. Upon information and belief, Defendant was a person engaged in an industry affecting commerce who had 15 or more employees and is an "employer" as defined in 42 U.S.C. §12111.

45. At all times relevant herein, Plaintiff was disabled/regarded as disabled by Defendant as a result of Plaintiff's compromised respiratory and cardiac capacity resulting from COVID-19.

46. Plaintiff was qualified to perform the essential functions of her job with or without reasonable accommodations.

47. Upon information and belief, the conduct and actions by the above-described perpetrators were performed on the basis of Plaintiff's disability/perceived disability and constituted discrimination based on disability/perceived disability.

48. By failing and refusing to engage in the interactive process; and/or refusing to accommodate Plaintiff with respect to her disabilities; and/or refusing to allow Plaintiff to continue to work; and ultimately terminating Plaintiff's employment, Defendant engaged in conduct that is prohibited by the ADA/ADAAA. 42 U.S.C. § 12101, *et seq*.

49. Plaintiff suffered tangible adverse employment actions as a result of Defendant's conduct referenced herein, including the termination of Plaintiff's employment.

50. Defendant's alleged conduct caused Plaintiff mental anguish and emotional distress and Plaintiff has incurred lost wages as a result of Defendant's conduct.

51. Defendant's conduct described herein would have detrimentally affected a reasonable person in Plaintiff's position.

52. Upon information and belief, Defendant's treatment of Plaintiff was discriminatory in nature and was based on Plaintiff's status as a person who has or is regarded as having a physical impairment that substantially limits one or more major life activities.

53. Upon information and belief, supervisory and administrative level employees of Defendant knew or should have known of the discrimination but failed to appropriately address the problem and further failed to implement effective and appropriate procedures to stop the discrimination.

54. As a result of Defendant's alleged discriminatory conduct, acts and omissions, Plaintiff has incurred and will continue to incur lost wages and loss of enjoyment of life, mental anguish, and emotional distress, including stress, anxiety, humiliation and degradation.

55.     At all times mentioned herein, the above-referenced perpetrators and/or other employees, were employees, agents and servants of Defendant and were at all such times acting within the course and scope of their employment with Defendant and/or their actions were expressly authorized by Defendant making Defendant liable under the doctrine of *respondeat superior*.

56.     The actions and conduct set forth herein were outrageous, showed evil motive or reckless indifference or conscious disregard for the rights of Plaintiff and others, and were willful, wanton, and malicious, and therefore Plaintiff is entitled to punitive damages from Defendant, to punish Defendant and deter Defendant and others from similar conduct.

WHEREFORE, Plaintiff prays for judgment in her favor and against Defendant on Count I of her Complaint for Damages, for a finding she has been subjected to unlawful discrimination as prohibited by 42 U.S.C. §12101 *et. seq.*, for an award of compensatory damages including lost wages and loss of enjoyment of life, mental anguish, and emotional distress, including stress, anxiety, humiliation and degradation, punitive damages, pre-judgment and post judgment interest as provided by law, for her costs expended, reasonable attorneys' fees and for such other relief as this Court deems just and proper, including equitable relief.

## COUNT II
## RETALIATORY DISCHARGE IN VIOLATION OF PUBLIC POLICY

57.     Plaintiff incorporates herein by reference the above allegations and paragraphs as though fully set forth herein.

58.     Plaintiff sustained injury/illness as a result of her on-the-job exposure to COVID-19 for which she sought benefits under the Kansas workers' compensation laws, including but not limited to medical treatment.

59. Defendant had knowledge of Plaintiff's work-related injury/illness as of March 31, 2020 or shortly thereafter.

60. Plaintiff was terminated on or about May 15, 2020 after having previously advised Defendant of her injury/illness, and her ongoing issues related to her illness, which were confirmed by Defendant to have been caused by exposure to COVID-19 while performing her duties and responsibilities with Defendant.

61. Upon information and belief, Plaintiff was retaliatory discharged because she exercised her rights, to which she was entitled, under the Kansas workers' compensation laws including seeking medical treatment.

62. Upon information and belief, Defendant violated Kansas law and public policy by discharging Plaintiff from her employment because Plaintiff exercised her rights under the Kansas Workers' Compensation statute as set forth in K.S.A. §44-501 *et seq*.

63. As a direct and proximate cause of the alleged wrongful discharge, Plaintiff has incurred and will continue to incur lost wages and loss of enjoyment of life, mental anguish, and emotional distress, including stress, anxiety, humiliation and degradation.

64. The actions and conduct set forth herein were outrageous, showed evil motive or reckless indifference or conscious disregard for the rights of Plaintiff and others, and were willful, wanton, and malicious, and therefore Plaintiff is entitled to punitive damages from Defendant, to punish Defendant and deter Defendant and others from similar conduct.

WHEREFORE, Plaintiff prays for judgment in her favor and against Defendant on Count II of her Complaint for Damages in the form of compensatory damages, including lost wages and loss of enjoyment of life, mental anguish, and emotional distress, including stress, anxiety,

humiliation and degradation, punitive damages, post-judgment interest as provided by law, for her costs expended and for such further and equitable relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff requests a jury trial on all issues pursuant to FRCP Rule 38.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff designates Kansas City, Kansas, as the place of trial.

                                            **HOLMAN SCHIAVONE, LLC**

                                            By: */s/Anne Schiavone*
                                                Anne Schiavone, KS Bar #19669
                                                Brandon Corl, KS Bar #23043
                                                4600 Madison Avenue, Suite 810
                                                Kansas City, Missouri 64112
                                                Telephone: 816.283.8738
                                                Facsimile: 816.283.8739
                                                aschiavone@hslawllc.com
                                                bcorl@hslawllc.com

                                                ATTORNEYS FOR PLAINTIFF